IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

BRADLEY GUST
                       Plaintiff,

        v.                              Case No. 15-2646-RDR

WIRELESS VISION, LLC;
DAVID NAAS, ANTHONY SAWARA,

                    Defendants.

**MEMORANDUM AND ORDER**

Plaintiff has filed a complaint with three counts against defendants Wireless Vision, David Naas and Anthony Sawara.[1] Count I alleges that defendant failed to pay plaintiff overtime compensation in violation of the Fair Labor Standards Act of 1938 ("FLSA").  Count II alleges that plaintiff suffered retaliation from defendant in violation of FLSA.  Count III alleges that plaintiff was terminated from employment by defendant in violation of his Kansas common law rights against wrongful termination.  This case is now before the court upon

---

[1] The memorandum filed in support of the motion to dismiss indicates that "Anthony Sawara" may not be the correct spelling.  It appears from the service of summons (Doc. No. 10) that "Anthony Sawara" should be corrected to read "Anthony Sawa."  Unless any party objects within 14 days, the court shall direct that plaintiff file an amended complaint which corrects the spelling of defendants' names.  See Wright & Miller, FEDERAL PRACTICE AND PROCEDURE § 1321 at pp. 391-93 (2004)("if the proper person actually has been served with the summons and the complaint, federal courts generally will allow an amendment under Rule 15 to correct technical defects in the caption").

defendants' motion to dismiss for failure to state a claim, pursuant to FED.R.CIV.P. 12(b)(6).

I.  MOTION TO DISMISS STANDARDS

In Khalik v. United Air Lines, 671 F.3d 1188, 1190-92 (10th Cir. 2012), the Tenth Circuit reviewed the standards for determining whether a complaint fails to state a claim:

> Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Recently the Supreme Court clarified this pleading standard in Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007), and Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009): to withstand a Rule 12(b)(6) motion to dismiss, a complaint must contain enough allegations of fact, taken as true, "to state a claim to relief that is plausible on its face."  Twombly, 550 U.S. at 570, 127 S.Ct. 1955.  A plaintiff must "nudge [his] claims across the line from conceivable to plausible" in order to survive a motion to dismiss. Id.
>
> The Court explained two principles underlying the new standard: (1) when legal conclusions are involved in the complaint "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to [those] conclusions," Iqbal, 129 S.Ct. at 1949, and (2) "only a complaint that states a plausible claim for relief survives a motion to dismiss," id. at 1950. Thus, mere "labels and conclusions" and "a formulaic recitation of the elements of a cause of action" will not suffice. Twombly, 550 U.S. at 555, 127 S.Ct. 1955. Accordingly, in examining a complaint under Rule 12(b)(6), we will disregard conclusory statements and look only to whether the remaining, factual allegations plausibly suggest the defendant is liable.

For the purposes of this order, it is important to remember that when assessing a Rule 12(b)(6) motion, the court should not

weigh potential evidence that might be admitted at trial.  Scott v. Topeka Performing Arts Center, Inc., 69 F.Supp.2d 1325, 1327 (D.Kan. 1999).

II.  COUNT I SHALL NOT BE DISMISSED.

A.  The complaint states a claim for violation of FLSA.

Plaintiff alleges in Count I that defendants did not pay him the overtime wages he was owed pursuant to FLSA.  As part of his allegations, plaintiff states that "his time records did not accurately reflect the full number of hours he worked each week and that he was not being paid all overtime compensation owed."  Doc. No. 1, ¶ 25.  Defendants assert in their motion to dismiss that plaintiff was paid overtime for all hours worked in excess of 40 hours per week.  Defendants support this argument with payroll records they have attached as an exhibit.

Because defendants rely upon materials outside of the pleadings (the payroll records), their argument that plaintiff was paid his duly owed overtime compensation is improper.  See Berneike v. CitiMortgage, Inc., 708 F.3d 1141, 1146 (10th Cir. 2013)("[g]enerally, a court considers only the contents of the complaint when ruling on a 12(b)(6) motion").  Defendants maintain that the payroll records should be considered by the court because the records are referred to in ¶ 25 of the complaint.  We disagree.

The Tenth Circuit has stated: "if a plaintiff does not incorporate by reference or attach a document to its complaint, but the document is referred to in the complaint and is central to the plaintiff's claim, a defendant may submit an indisputably authentic copy to the court to be considered on a motion to dismiss." GFF Corp. v. Associated Wholesale Grocers, Inc., 130 F.3d 1381, 1384 (10th Cir. 1997). The decision to consider records referred to in a motion to dismiss is discretionary with the court. See Prager v. LaFaver, 180 F.3d 1185, 1189 (10th Cir. 1999). Here, paragraph 25 of the complaint makes reference to "time records." The "time records" referred to in paragraph 25 may be different than the payroll records used by defendants as an exhibit to the motion to dismiss. Plaintiff contends that the time records are not accurate. So, a fact issue is presented as to whether the records used by defendants are reliable, even if they are the same records. For these reasons, the court chooses not to consider the payroll records in determining whether plaintiff has stated a claim for unpaid overtime compensation.

Since those records supply the foundation for defendants' first argument to dismiss Count I and the court declines to open the record and consider the motion to dismiss as a motion for

summary judgment, the court shall deny defendants' first argument to dismiss Count I.[2]

B. <u>Count I shall not be dismissed as to the individual defendants</u>.

Defendants Naas and Sawara argue that they should be dismissed as defendants in Count I because the complaint does not allege that they have hiring and firing authority or that they set rates of pay. In light of this, defendants assert that the complaint fails to state a plausible claim that either defendant Naas or defendant Sawara is an "employer" for the purposes of FLSA. In response, plaintiff notes that "employer" is defined broadly as "any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203(d). Plaintiff alleges in the complaint that defendant Sawara was a district manager with supervisory and operational control and responsibility for establishing and

---

[2] In defendants' reply brief, they shift their argument to claim that plaintiff's allegations are not sufficiently detailed to state a claim for a FLSA violation. Defendants assert that plaintiff must at least allege what work he did that was not accounted for and for which overtime wages were due. Doc. 12, p. 3. This argument has been accepted by some but not all courts. See <u>Landers v. Quality Communications, Inc.</u>, 771 F.3d 638, 641–45 (9th Cir. 2014)(surveying cases from other circuits and concluding that a plaintiff must allege that she worked more than 40 hours in a given workweek without being compensated for the hours worked in excess of forty during that week). In this district, several cases appear to accept more general descriptions of FLSA claims. See <u>Renteria-Camacho v. DIRECTV, Inc.</u>, 2015 WL 1399707 *2–3 (D.Kan. 3/26/2015); <u>Pegues v. Carecentrix, Inc.</u>, 2013 WL 183996 *1 (D.Kan. 1/17/2013); <u>Spears v. Mid-America Waffles, Inc.</u>, 2011 WL 6304126 *2–3 (D.Kan. 12/16/2011); <u>Solis v. La Familia Corp.</u>, 2011 WL 2531140 *4 (D.Kan. 6/24/2011); <u>McDonald v. Kellogg Co.</u>, 2009 WL 1125830 *1–2 (D.Kan. 4/27/2009). We decline to decide this issue because it was not raised in defendants' opening brief. See <u>U.S. v. Watson</u>, 766 F.3d 1219, 1231 n.8 (10th Cir.) <u>cert. denied</u>, 135 S.Ct. 735 (2014); <u>Ormsby v. Imhoff & Associates, P.C.</u>, 2014 WL 4248264 *1 (D.Kan. 8/27/2014).

enforcing policies and practices.  Doc. No. 1, ¶ 15.  Plaintiff alleges in the complaint that defendant Naas was the store manager where plaintiff worked and that Naas had day-to-day operational control over the store and was responsible for establishing and enforcing the policies and practices at issue in the complaint.  The court believes these allegations are sufficient to state a plausible claim that defendants Naas and Sawara were "employers" as defined in the FLSA and responsible for the conduct alleged in Count I.  See Boucher v. Shaw, 572 F.3d 1087, 1090-91 (9th Cir. 2009)(high-level managers could be held liable as employers); Solis v. A-1 Mortg. Corp., 934 F.Supp.2d 778, 788-89 (W.D.Pa. 2013)(supervisor without ultimate authority qualifies as "employer"); Finke v. Kirtland Comty, College Bd. of Trs., 359 F.Supp.2d 593, 598-99 (E.D.Mich. 2005)(high-level college administrator could fit within broad definition of "employer").  Defendants' assertion that Naas and Sawara did not have power to hire and fire or set rates of pay is a factual contention which does not provide a proper basis for deciding a Rule 12(b)(6) motion.  The court has examined Lumry v. State, 307 P.3d 232 (Kan.App. 2013) and the other case authority cited by defendants.  The court is not convinced by these opinions that whether the individual defendants are FLSA "employers" can be decided on this record with a Rule 12(b)(6) motion.

III. COUNT II SHALL NOT BE DISMISSED.

Plaintiff alleges in the complaint that on or about September 30, 2014, he complained to district manager Sawara that defendant Naas was not paying plaintiff all overtime compensation owed to him.[3]   He further alleges that he was terminated without explanation two days later.   Plaintiff has also alleged generally that he was terminated because he complained about defendant's failure to properly pay all of his hours worked.  Doc. No. 1, ¶ 42.

Defendants contend that Count II should be dismissed for failure to state a claim because plaintiff has not alleged that he engaged in activity protected under FLSA.   The court disagrees.   The statute protects any employee from discrimination because such employee filed any complaint of a FLSA violation.  See 29 U.S.C. § 215(a)(3); Kasten v. Saint-Gobain Performance Plastics Corp., 131 S.Ct. 1325, 1330 (2011)(finding that an oral complaint of a violation of FLSA is protected conduct under FLSA).  A failure to pay overtime wages is a potential violation of FLSA.  See Pacheco v. Whiting Farms, Inc., 365 F.3d 1199, 1207 (10th Cir. 2004)(a request for overtime wages is a protected activity under FLSA).  Protected activity under FLSA includes oral complaints, as already noted, and

---

[3] This allegation was made in ¶ 28 of the complaint under the heading "Factual Allegations."   It was incorporated into Count II's allegations in ¶ 40. Therefore, the court rejects defendants' argument that the allegation in ¶ 28 should be ignored because it was not made under the heading of "Count II."

unofficial assertions of FLSA rights. <u>Kasten</u>, 131 S.Ct. at 1336

("oral complaints"); <u>Conner v. Schnuck Markets, Inc.</u>, 121 F.3d

1390, 1394 (10th Cir. 1997)("unofficial assertion of rights

through complaints at work").   Upon review of the complaint,

the court concludes that plaintiff has alleged a plausible claim

of retaliation in violation of FLSA.[4]

IV. COUNT III SHALL NOT BE DISMISSED AS TO DEFENDANT WIRELESS
VISION, BUT SHALL BE DISMISSED AS TO THE INDIVIDUAL DEFENDANTS.

In Count III plaintiff alleges that he "reported to his

district manager, the Integrity Hotline, and a T-Mobile

corporate manager that his local manager/supervisor, defendant

Naas, violated the Kansas Consumer Protection Act and the Kansas

Wage Payment Act and that defendant Naas instructed co-workers

to violate the Kansas Consumer Protection Act."   Doc. No. 1, ¶

53.   Plaintiff claims that he was directed to include services

and products in sales to consumers without their knowledge.   <u>Id.</u>

at ¶ 28.   Plaintiff further alleges that his employer knew of

plaintiff's refusal to engage in these purported violations of

KCPA and that plaintiff was discharged in retaliation for

reporting the violations and refusing to engage in them.   <u>Id.</u> at

---

[4] Again, in the reply brief defendants shift their argumentation to assert
that plaintiff's allegations are too conclusory in that they fail to describe
how he was not paid overtime wages or how defendant Naas qualified as an
"employer" under the law or how plaintiff's statements qualified an a FLSA
complaint.   Doc. No. 12, p. 5.   The court shall not reach these issues
because either they are raised for the first time in defendants' reply brief
or they require the court to decide at first issue upon a Rule 12(b)(6) motion.

¶¶ 54-56.  Plaintiff claims that this violates the Kansas common law protecting whistleblowers from wrongful termination.

Under Kansas law, "the termination of an employee in retaliation for the good-faith reporting of a serious infraction of rules, regulations, or the law pertaining to public health and safety and the general welfare by a coworker or an employer to either company management or law enforcement officials is an actionable tort." Shaw v. Sw. Kan. Groundwater Mgmt. Dist. Three, 219 P.3d 857, 861-62 (Kan.App. 2009).

In defendants' motion to dismiss, they focus upon plaintiff's claim that he was terminated in retaliation for reporting violations of the KCPA.[5]  Defendants argue that plaintiff has not stated a plausible claim because the KCPA is not a law pertaining to the "general welfare" given that it only protects "consumers."  The court notes that the retaliatory discharge cause of action for whistleblowers in Kansas was first recognized in Palmer v. Brown, 752 P.2d 685 (Kan. 1988).  In Palmer, an employee alleged she was discharged for reporting

---

[5] In defendants' reply brief, defendants make an argument which could be construed as directed at plaintiff's claim that he was discharged for reporting a violation of the Kansas Wage Payment Act.  The argument concerns possible alternative remedies under the Kansas law and FLSA.  Doc. No. 12, p. 6.  But, the target of the argument is somewhat unclear and as already stated defendants directed their argumentation in their opening brief solely at the claim that plaintiff was discharged in retaliation for reporting a violation of the KCPA.  That is still the claim to which defendants devote the great bulk of their argumentation in the reply brief.  So, the court will not address any new argument which defendants might be making in the reply brief against plaintiff's claim that he was discharged for reporting a violation of the Kansas Wage Payment Act.

improper Medicaid billing practices.  The court believes that the KCPA is a law pertaining to "general welfare" as much as Medicaid.  We see no important distinction between the claim alleged by plaintiff here and the claim recognized by the Kansas Supreme Court in <u>Palmer</u>.

Defendants argue that plaintiff does not have standing to bring a claim under the KCPA.  Plaintiff, however, is not bringing an action under the KCPA.  He is bringing a common law action for wrongful discharge.  Plaintiff alleges an injury in fact (his discharge), that defendants caused the injury, and that his injury may be redressed via this lawsuit.  This is sufficient to demonstrate constitutional standing.  See <u>Citizen Center v. Gessler</u>, 770 F.3d 900, 909 (10th Cir. 2014)(discussing the basic elements of standing).  In addition, plaintiff is suing to enforce his own rights under FLSA and the Kansas common law, not the rights of consumers under the KCPA.  So, prudential standing exists in this case.  See <u>Niemi v. Lasshofer</u>, 770 F.3d 1331, 1344 (10th Cir. 2014)(discussing the general principles of prudential standing).

Defendants discuss some of the holdings in <u>Lumry v. State</u>, 307 P.3d 232 (Kan.App. 2013) and suggest that plaintiff's complaints to defendants did not put defendants on notice of the statutory violations plaintiff now claims were the subjects of

his complaints. This is a fact question which the court cannot determine on this record upon a Rule 12(b)(6) motion.

Defendants further contend that there is an alternative remedy which should preclude this court from applying the whistleblower exception to the at-will employment doctrine under these circumstances. Defendant describes one alternative remedy as certain KCPA provisions. But, defendant admits these provisions do not provide redress for a retaliatory discharge. Defendant also mentions FLSA as an alternative remedy, but again does not relate it to a plaintiff alleging a discharge in retaliation for reporting a violation of the KCPA. Defendant insists that plaintiff must show that he is an intended beneficiary under the KCPA. The court disagrees. The plaintiff in Palmer did not have to prove that she was an intended beneficiary of Medicaid. Nor is this alleged requirement part of the prima facie elements of a retaliatory discharge claim.[6]

In plaintiff's response to the motion to dismiss, plaintiff raises the question of whether the individual defendants can be made liable for the tort of retaliatory discharge as alleged in Count III. Plaintiff cites Murphy v. City of Topeka-Shawnee

---

[6] According to Lumry, 307 P.3d at 249, "[t]he elements of a prima facie case of a state retaliatory discharge claim generally include: (1) Plaintiff exercised a statutory or constitutional right recognized as a basis for a retaliatory discharge claim; (2) the employer had knowledge of plaintiff's exercise of that right; (3) the employer terminated the plaintiff's employment; and (4) a causal connection existed between the protected activity and the termination."

County Dept. of Labor Services, 630 P.2d 186 (Kan.App. 1981) in support of the liability of individual defendants, noting that in Murphy, the court remanded the case to allow a trial against individual defendants alleged to have terminated the plaintiff's employment in retaliation for making a workers compensation claim.   More recent case law, including a case from the Kansas Supreme Court, is contrary to plaintiff's argument.   In Klaassen v. University of Kansas School of Medicine, 2015 WL 437747 *29-30 (D.Kan. 2/3/2015), the court cited Rebarchek v. Farmers Coop. Elevator, 35 P.3d 892, 904 (Kan. 2001), as well as case law from this court and the Kansas Court of Appeals, to hold that only the employer is liable for a state common law retaliatory discharge claim.   On this basis, the court shall direct that Count III be dismissed as to the individual defendants.

V.   CONCLUSION

In conclusion, defendants' motion to dismiss (Doc. No. 6) is granted in part and denied in part.   The court shall dismiss Count III as to the individual defendants in this case. Otherwise, defendants' motion to dismiss is denied.   The court further directs that, unless an objection is filed within 14 days, plaintiff file an amended complaint which correctly names the defendants in this case.

**IT IS SO ORDERED.**

Dated this 18th day of May, 2015, at Topeka, Kansas.


                              s/ RICHARD D. ROGERS
                              Richard D. Rogers
                              United States District Judge