IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| BRADLEY GUST, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 15-2646-KHV |
| | ) | |
| WIRELESS VISION, L.L.C., | ) | |
| DAVID NASS, and | ) | |
| ANTHONY SAWA, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM & ORDER**

This matter comes before the court upon Plaintiff Bradley Gust's Motion to Compel (ECF No. 39).  Defendant Wireless Vision filed a response opposing the motion.  For the following reasons, the court grants plaintiff's motion.

**I.      Background**

On March 6, 2015, Plaintiff Bradley Gust filed this action seeking money damages for alleged violations of the Fair Labor Standards Act ("FLSA") and for violations of the Kansas common law protecting whistleblowers from wrongful termination.  Between August and October 2014 Mr. Gust worked as a retail sales representative for Defendant Wireless Vision, LLC ("Wireless"). Defendant David Nass was the store manager, and Defendant Anthony Sawa was the district manager for Wireless.  Mr. Gust alleges that Mr. Nass directed his employees to sell products and services to customers without their knowledge or consent.  Mr. Gust also alleges that he was not paid for overtime hours he worked.  Mr. Gust claims that he reported his concerns to Defendant Sawa, was informed that his concerns had been addressed but was fired

soon thereafter without explanation.  Mr. Gust filed this action seeking damages under the FLSA for unpaid overtime wages and retaliatory discharge in violation of Kansas common law.

## II.    Discussion

Mr. Gust seeks an order requiring Wireless to produce responses to his first set of interrogatories and requests for production of documents.  He seeks to compel further responses to interrogatory numbers 4, 5, 9, and 11, and requests for production of documents numbers 6–8, 10–17, and 24.  The parties certify that they conferred in good faith to resolve their dispute but have been unable to do so without court intervention.

### A.  Conditional Responses

Several of Wireless's objections constitute what the court refers to as conditional responses.  A conditional response occurs when "a party asserts objections, but then provides a response 'subject to' or 'without waiving' the stated objections."[1]  The problem with conditional responses is that the requesting party "is left guessing as to whether [the producing party] has produced all documents, or only produced some documents and withheld others[.]"[2]  A party may object to a portion of a request for production, provided the response specifies the portion objected to and responds to the non-objectionable portion.[3]  However, "[o]bjecting but answering subject to the objection is not one of the allowed choices under the Federal Rules."[4]  Judges in this District have held that "whenever an answer accompanies an objection, the objection is

---

[1] *Westlake v. BMO Harris Bank, N.A.*, No. 13-2300-CM-KGG, 2014 WL 1012669, at *3 (D. Kan. Mar. 17, 2014).

[2] *Pro Fit Mgmt. v. Lady of Am. Franchise Corp.*, No. 08-2662-JAR-DJW, 2011 WL 939226, at *7-*9 (D. Kan. Feb. 25, 2011).

[3] *Id.* (citing Fed. R. Civ. P. 34(b)(2)).

[4] *Id.* (quoting *Tardif v. People for the Ethical Treatment of Animals*, No. 2:09-cv-537-FTM-29SPC, 2011 WL 1627165, at *1 (M.D. Fla. Apr. 29, 2011)).

deemed waived and the answer, if responsive, stands."[5]  Therefore, Wireless's objections to the following requests are deemed waived and the responses shall be supplemented to fully respond to the discovery requests.

## 1.   Interrogatory No. 4

Interrogatory number four requests Wireless to identify "all employees who were employed with Plaintiff at the store where he was employed by you by full name, job title, dates of employment, telephone number, and address."[6]  In its initial response to the discovery, Wireless objected, claiming the request is overbroad, seeks confidential information or trade secrets, and that the discovery sought is irrelevant.  However, Wireless partially responded to the request, "Notwithstanding the objection but without waiver thereof, the persons who work or worked at the 95th & Quivira store at any time when Plaintiff was there are:" and then listing nine individuals but without their telephone numbers or addresses.[7]

## 2.   Interrogatory No. 5

Interrogatory number five requests information about any complaints "Defendant alleges or contends . . . were received about Plaintiff from anyone—including but not limited to fellow employees, customers, or vendors . . ."[8]  Wireless responds that this is objectionable because it "seeks trade secret and confidential information, and it is overbroad and ambiguous."[9]  But then it adds "Notwithstanding the objection but without waiver thereof, complaints about Mr. Gust

---

[5] *See, e.g.*, *Sprint Commc'ns Co. v. Comcast Cable Commc'ns*, Nos. 11-2684-JWL-JPO, 11-2685-JWL-JPO, 2014 WL 545544, at *3 (D. Kan. Feb. 11, 2014).

[6] Defs.' Mem. in Opp'n to Pl.'s Mot. to Compel Disc. at 2–7, ECF No. 47.

[7] *Id.* at 3.

[8] Defs.' Mem. in Opp'n to Pl.'s Mot. to Compel Disc. at 7–8, ECF No. 47.

[9] *Id.* at 8.

were made by Mr. Naas, Mr. Sawa, and Jorden Abeda."[10]  In its response to Mr. Gust's motion

to compel, Wireless notes that it already produced Mr. Gust's termination document and some e-

mails "that set forth various complaints about the Plaintiff" and that "Otherwise, any

[responsive] information is oral information, and Defendant, Wireless Vision, has no other

current unprotected knowledge of it.

### 3.  Interrogatory No. 9

Interrogatory number nine seeks details about any complaints or reprimands Mr. Gust

was given "concerning his attitude, work performance, or work ethic."[11]  Wireless initially

objected to the request as overbroad and abstract but stated "Notwithstanding the objection . . .

see documents produced in response to Plaintiff's Requests for Documents, especially the

termination document, Bates WV 76."[12]

### 4.  Interrogatory No. 11

Interrogatory number eleven requests information about any of Mr. Gust's conduct that

defendants contend violated company policy.[13]  Wireless initially objected to this request as

overbroad and abstract, but then added "Notwithstanding the objection . . . see documents

produced in response to Plaintiff's Requests for Documents, especially the termination document

. . ."[14]

### 5.  Request for Production of Documents No. 6

---

[10] *Id.* at 8.

[11] *Id.* at 9.

[12] *Id.* at 9.

[13] Mot. to Compel, ECF No. 39-1 Def.'s Answers to Pl.'s First Interrogatories at 7.

[14] *Id.* at 8.

This request seeks "All documents concerning the factual allegations or claims at issue in this lawsuit among or between (a) the plaintiff and the defendant; (b) the plaintiff's manager(s), and/or supervisor(s), and/or the defendant's human resources representative(s)."[15]  Wireless's initial objection states that the discovery is overbroad and compound but it added "Notwithstanding the objection . . . see Answer to Plaintiff's amended Complaint . . ."[16]

### 6.  Request for Production of Documents No. 7

This request seeks "All documents that refer, relate to or reflect any occasion that plaintiff and/or plaintiff's job performance was the subject of any complaint, reprimand, counseling, or discipline, whether verbal or in writing, during plaintiff's employment with you."[17]  After asserting unsubstantiated overbreadth and compound question objections Wireless responds "to the best of Defendant's current knowledge there were few documents responsive to this request.  Notwithstanding the objection . . . see Answer To Plaintiff's Amended Complaint . . ."[18]

### 7.  Request for Production of Documents No. 8

This request seeks "All documents used, relied upon, or considered by you in making your decision to terminate plaintiff's employment, including, without limitation, written statements, pictures, audio or video recordings, or records of verbal statements from any person."[19]  Wireless asserted overbreadth and compound question objections followed with

---

[15] Defs.' Mem. in Opp'n to Pl.'s Mot. to Compel Disc. at 10, ECF No. 47.

[16] *Id.*

[17] *Id.*

[18] *Id.* at 11.

[19] *Id.*

"Notwithstanding the objection . . . see Answer To Plaintiff's Amended Complaint . . ." and Mr. Gust's termination documents.[20]

### 8.   Request for Production of Documents No. 10

This request seeks "All documents relating to defendant's training (if any) of its employees (including management) during plaintiff's employment addressing sales practices and policies . . ."[21]  After initial objections, Wireless states "Notwithstanding the objection . . . see Answer To Plaintiff's Amended Complaint . . . and the other documents produced herewith."[22]

### 9.   Request for Production of Documents No. 11

This request seeks "documents relating to . . . plaintiff's consumer fraud, wage violation and retaliation complaint(s) . . ."[23]  After initial unsubstantiated objections, Wireless states "Notwithstanding the objection . . . see Answer To Plaintiff's Amended Complaint . . . and the other documents produced herewith.  Witness statements were taken and are attorney work product and are not produced."[24]  The statements were made by Jordan Abeda, Lauren Bowers, David Naas, and Anthony Sawa.[25]

### 10. Request for Production of Documents No. 17

This request seeks "documents . . . related . . . to the preparation of any evaluation of Plaintiff's job performance at any time and any performance evaluations, whether or not

---

[20] *Id.*

[21] *Id.* at 11–12.

[22] *Id.*  at 12.

[23] *Id.*

[24] *Id.*

[25] *Id.*

completed . . ."[26]  After initial unsubstantiated objections, Wireless continued "Notwithstanding the objection . . . see documents produced herewith, especially the termination document . . . and e-mails produced herewith . . ."[27]

## 11. Request for Production of Documents No. 24

This request seeks "documents related to or reflecting complaints about Plaintiff, including his work ethic, his attitude, his attendance, and/or his performance."[28]  After initial unsubstantiated overbreadth and ambiguity objections, Wireless stated "Notwithstanding the objection . . . see the documents produced herewith, including the termination document . . ."[29]

Because Wireless conditionally responded to interrogatories 4, 5, 9, 11, and requests for production of documents 6–8, 10, 11, 17, and 24, any objections to these interrogatories and requests are waived.  To the extent it has not already done so, Wireless must *fully* respond to the interrogatories and produce all responsive documents to these requests without objection by **January 15, 2016**.

### B.  Insufficient Objections

Even if Wireless had not conditionally responded to the majority of the contested requests, thereby waiving any objections, the objections it did assert are insufficient.  When a party responding to discovery requests objects, the discovering party may file a motion to compel as has been done in this case.[30]  The objecting party must then specifically show how

---

[26] *Id.* at 15.

[27] *Id.*

[28] *Id.*

[29] *Id.*

[30] Fed. R. Civ. P. 37(a)(3)(B)(iii)–(iv).

each discovery request is objectionable. Objections initially raised but not asserted in the objecting party's response to a motion to compel are deemed abandoned.[31] Similarly, any objections not asserted in the initial response to a discovery request but raised in response to a motion to compel are deemed waived.[32] Objections not warranted by existing law or by the facts of the case must be overruled.

In large part, the objections Wireless asserted in its responses to Mr. Gust's discovery requests are not substantiated in its brief responding to Mr. Gust's motion to compel. Conversely, the arguments Wireless does substantiate in its response brief were not raised in its initial responses to the discovery. For example, in its initial response to interrogatory number 5, Wireless objected, claiming the request seeks trade secrets and confidential information and that it is overbroad and ambiguous. Then, in its response to the motion to compel, it fails to substantiate any of the initial objections, stating only that the "objections are valid."[33] Instead, it argues a work product objection, but this objection was not initially raised and is therefore waived. Wireless failed to substantiate any initially raised objection to interrogatory numbers 5 and 9 and failed to address interrogatory number 11 at all in its response brief.[34] Therefore any objection to responding to these interrogatories is waived or abandoned for this additional reason.

---

[31] *Sonnino v. Univ. of Kansas Hosp. Auth.*, 221 F.R.D. 661, 670–71 (D. Kan. 2004).

[32] *See, e.g.*, *Cardenas v. Dorel Juvenile Grp., Inc. et al.*, 230 F.R.D. 611, 620–21 (D. Kan. 2005).

[33] Defs.' Mem. in Opp'n to Pl.'s Mot. to Compel Disc. at 8–9, ECF No. 47.

[34] *Sonnino v. Univ. of Kan. Hosp. Auth.*, 221 F.R.D. 661, 670–71 (D. Kan. 2004) (explaining that "when a party files a motion to compel and asks the Court to overrule certain objections, the objecting party must specifically show in its response to the motion to compel, despite the broad and liberal construction afforded by the federal discovery rules, how each request for production or interrogatory is objectionable. By failing to address these types of objections in response to a motion to compel, a party fails to meet its burden to support its objections. The Court is then left without any basis to determine whether the objections are valid and applicable in light of the particular circumstances of the case.")

Wireless did not substantiate any initially raised objection to requests for production 6, 7, 8, 10, 11, 17 and 24. Instead, in response to the majority of these requests, it initially objected to the requests as overbroad or ambiguous. Then in the response brief, instead of substantiating those objections, it argues that it has already produced all responsive documents. Therefore, these unsubstantiated objections are overruled.

### C. Confidentiality or Trade Secret Objections

Wireless objected to Mr. Gust's interrogatory numbers 4 and 5 and request for production of documents number 12, arguing that they seek confidential or trade secret information. "It is well settled that a concern for protecting confidentiality does not equate to privilege, and that information and documents are not shielded from discovery on the sole basis that they are confidential."[35] This is especially true where, as in this case, there is already a protective order in place to protect confidential information.[36] "While a confidentiality objection may be appropriate when a party seeks a protective order limiting the parties' use or disclosure of confidential information, it is generally not a valid objection to withholding discovery altogether."[37]

In *High Point SARL v. Sprint Nextel Corp.*, a 2011 opinion from this district, Magistrate Judge David J. Waxse found that a responding party was not substantially justified in withholding discovery documents on the basis of confidentiality concerns, particularly when there was already a protective order in place limiting the disclosure of confidential information.[38]

---

[35] *Sonnino v. Univ. Kansas Hosp. Auth.*, 220 F.R.D. 663, 642 (D. Kan. 2004).

[36] *Gen. Elec. Capital Corp. v. Lear Corp.*, 215 F.R.D. 637, 643 (D. Kan. 2003).

[37] *High Point SARL v. Sprint Nextel Corp.* No. 09-2269-CM-DJW, 2011 WL 4008009, at *2 (D. Kan. Sept. 9, 2011).

[38] *Id.* at *3.

Judge Waxse noted that confidentiality objections are frequently asserted and overruled in federal discovery litigation, but he warned that "this practice must cease."[39]  He imposed monetary sanctions on the responding party for asserting a discovery objection not supported by the Federal Rules of Civil Procedure or existing law.[40]  Therefore, the court overrules all of Wireless's confidentiality objections, including any that object to the disclosure of trade secrets, which are explicitly covered in the protective order that governs the disclosure of confidential information in this case.[41]

### D.  Form of Production

Mr. Gust raises an additional concern regarding requests for production of documents 6, 7, 8, 10, 11, 17, and 24.  He asserts that the documents Wireless produced in response to these requests did not comply with the Federal Rules.  Under Federal Rule of Civil Procedure 34(b)(2)(E)(i) a party responding to a discovery request "must produce documents as they are kept in the usual course of business or must organize and label them to correspond to the categories in the request . . ."  Mr. Gust complains that Wireless did not specify which documents it produced in response to which request.  In some cases, Wireless simply referred Mr. Gust to its answer, its initial disclosures, or the documents it produced in response to other requests.  The court agrees that Wireless should have indicated which documents were produced in response to which request.  Wireless must update with specificity its production to requests 6, 7, 8, 10, 11, 17, and 24, by **January 15, 2016** to comply with Rule 34.

---

[39] *Id.* at *4.

[40] *Id.* Judge Waxse also concluded that because no previous decisions of this court had sanctioned a party for this type of improper discovery objection, the responding party's obligation to pay the sanction was stayed until the completion of the case. If the responding party committed no further violations of Fed. R. Civ. P. 26(g), the court would vacate the sanction order.

[41] Protective Order, ECF No. 25.

### E.  Relevance Objection to the Production of Financial Information

Requests for production of documents numbers 12–15 remain disputed.  Both Mr. Gust and defendants address these requests collectively.  Each request seeks financial information from Wireless, including: its most recent monthly profit-and-loss statement; its most recent monthly balance sheet; its year-end profit-and-loss statement; and year-end balance sheet for the last fiscal year.[42]  Wireless argues that this information is not relevant because it believes Mr. Gust cannot recover punitive damages on any of his claims.  It also objects to the scope of the request, arguing that because Mr. Gust was only a probationary employee for a few months, he should not be entitled to an entire year of Wireless's financial information.

Federal Rule of Civil Procedure 26(b) defines the scope of discovery to include "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . ."  Generally, information about a party's current net worth or financial condition is relevant to the issue of punitive damages.[43]  "When a punitive damages claim has been asserted by the plaintiff, a majority of federal courts permit pretrial discovery of financial information of the defendant without requiring plaintiff to establish a *prima facie* case on the issue of punitive damages."[44]  But a plaintiff seeking discovery of financial information to support his claim for punitive damages must show the claim is not spurious.[45]  To prove a claim is non-spurious, a party must provide specific factual allegations to support its claim.[46]

---

[42] Defs.' Mem. in Opp'n to Pl.'s Mot. to Compel Disc. at 13–15, ECF No. 47.

[43] *Mid Continent Cabinetry, Inc. v. George Koch Sons, Inc.*, 130 F.R.D. 149, 151 (D. Kan. 1990).

[44] *Id.*

[45] *Id.* at *2.

[46] *Learjet Inc. v. MPC Prods. Corp.*, No. 05-1074-MLB-DWB, 2007 WL 2287836, at *2–3 (D. Kan. Aug. 8, 2007).

Mr. Gust seeks punitive damages on both his FLSA and Kansas common law wrongful termination claims.[47]  Wireless argues that punitive damages are not allowed on FLSA claims. While the undersigned has grave doubts about the availability of punitive damages under the FLSA, Wireless cites, and the court has found no Tenth Circuit authority that ultimately decides the issue.  One judge in this District has opined that the availability of punitive damages under the FLSA has not been specifically precluded by the Tenth Circuit.[48]  Ultimately, the claim is currently part of this case and Mr. Gust is entitled to discovery on it.

Likewise, Wireless argues that Mr. Gust fails to state a claim for punitive damages under Kansas law.  "With respect [to] [sic] his consumer violation claim, Plaintiff has stated no particular law that would allow him to recover punitive damages on behalf of non-parties.  The Plaintiff is not himself a consumer under the facts of this case, and no actual consumers are parties."[49]  The court already rejected this argument in its order on defendants' motion to dismiss.  It stated that the "KCPA is a law pertaining to the 'general welfare'" and that Mr. Gust is bringing this suit "to enforce his own rights under the FLSA and the Kansas common law, not the rights of consumers under the KCPA."[50]  To the extent Wireless reiterates this same argument, it is without merit.

---

[47] Am. Compl. at 1, ECF No. 15.

[48] *Conus v. Watson's of Kansas City, Inc.*, No. 11-cv-2149-JAR-KGG, 2011 WL 4348315, *3 (D. Kan. Sept. 16, 2011) (explaining that the issue has not been finally resolved because "the Tenth Circuit has not decided the issue." But noting that two district courts within the Tenth Circuit, but outside the District of Kansas, found punitive damages were not available under the FLSA.)

[49] Defs.' Mem. in Opp'n to Pl.'s Mot. to Compel Disc. at 14, ECF No. 47.

[50] Mem. & Order at 10, ECF No. 13.

Wireless also argues that in order to collect punitive damages, Mr. Gust "must still produce some evidence of malice toward him and he has not."[51]  Wireless concedes that "quite often a jury will be able to infer the scienter allowing for punitive-damages liability from evidence of intentional retaliation. . . [although] the jury is not required to award punitive damages."[52]  Punitive damages are potentially recoverable on Kansas common law wrongful termination claims where the plaintiff presents evidence that "the defendant acted toward the plaintiff with willful conduct, wanton conduct, fraud or malice."[53]

Finally, Wireless misstates the legal standard, asserting that Mr. Gust "has not demonstrated a prima facia [sic] case of malice in any way."[54]  At this stage of the case, Mr. Gust is not required to establish a *prima facie* case in order to conduct this type of discovery.  The Amended Complaint requests punitive damages on all counts.  Mr. Gust's pleadings contain allegations that Wireless's actions were "done with malice or reckless indifference for the rights of Plaintiff" and that it "acted in bad faith, willfully depriving him of his overtime" and that its actions were "outrageous and showed evil motive or reckless indifference or conscious disregard for the rights of Plaintiff."[55]  Mr. Gust's pleadings allege that Wireless willfully or maliciously terminated his employment for reporting its alleged state and federal law violations.  Allegedly,

---

[51] Defs.' Mem. in Opp'n to Pl.'s Mot. to Compel Disc. at 14, ECF No. 47.

[52] Defs.' Mem. in Opp'n to Pl.'s Mot. to Compel Disc. at 14, ECF No. 47.

[53] *Hysten v. Burlington N. Santa Fe. Ry. Co.*, 530 F.3d 1260, 1275–76 (D. Kan. 2008) (quoting Kan. Stat. Ann. § 60-3702(c)).  *See also Clary v. Stanley* Works, No. 03-1168-JTM-DWB, 2003 WL 21728865, *5 (D. Kan. July 24, 2003) (explaining that under Kansas law, punitive damages may be awarded if a plaintiff proves a retaliatory discharge claim); Moyer *v. Allen Freight Lines, Inc.*, 885 P.2d 391, 395–96 (Kan. App. 1994).

[54] Defs.' Mem. in Opp'n to Pl.'s Mot. to Compel Disc. at 13, ECF No. 47.

[55] Am. Compl. at 9, ECF No. 15.

13

he registered complaints on September 30, 2014, and was discharged two days later without any explanation.[56]  Mr. Gust's claim for punitive damages appears plausible.

The thrust of Wireless's argument is to suggest that Mr. Gust failed to sufficiently plead a claim for punitive damages.  In *Cotton v. Costco Wholesale Corp.*, the court recognized that the briefing on a motion to dismiss is better suited to addressing these types of claimed pleading insufficiencies.[57]  The briefing on motions to compel is often insufficient and this case is no exception.  The parties have provided limited substantive briefing on the issue.  And Wireless failed to raise it in the motion to dismiss that already has been decided in this case.  Mr. Gust's punitive damages claims remain in the case and Wireless's financial condition is relevant for purposes of discovery.

Wireless also challenges the scope of the requests for financial information, mainly suggesting that because Mr. Gust worked as a probationary employee for a short period of time, he is not entitled to the requested information.  Decisions in this District have held that the most recent annual reports and current financial statements of a defendant are appropriate for discovery on the issue of punitive damages.[58]  Here, Mr. Gust limited his requests to Wireless's most recent financial documents.  The scope is appropriate.  Wireless has not supported any other objection to the discovery and shall therefore produce documents responsive to requests 12–15 by **January 15, 2016**.

### F.  Request for Production of Documents 16

---

[56] *Id.* at 4-5.

[57] No. 12-2731-JWL-KGS, 2013 WL 3819974, *5 (D. Kan. July 24, 2013).

[58] *Learjet Inc. v. MPC Prods. Corp.*, 2007 WL 2287836, at *4 (quoting *Audiotext Commc'ns Network, Inc. et al. v. US Telecom, Inc.*, No. 94-2395-GTV-GLR, 1995 WL 625962, at *4 (D. Kan. Oct. 5, 1995)).

The final discovery request still at issue is request for production of documents number 16. It requests Wireless's 2014 tax return. Wireless objects to this discovery claiming it is irrelevant and that Mr. Gust does not need it. Compelling the production of tax returns is generally considered against public policy and is disfavored.[59] But:

> The Courts have developed a two-pronged test to assure a balance between the liberal scope of discovery and the policy favoring the confidentiality of tax returns. First, the court must find that the returns are relevant to the subject matter of the action. Second, the court must find that there is a compelling need for the returns because the information contained therein is not otherwise readily obtainable. The party seeking production has the burden of showing relevancy, and once that burden is met, the burden shifts to the party opposing production to show that other sources exist from which the information is readily obtainable.[60]

Both parties' briefing on this issue is cursory. Mr. Gust has the initial burden to show Wireless's tax return is relevant. He claims that all of the requested financial documentation is relevant to the issue of punitive damages and the court agrees. The burden then shifts to Wireless to show that the information on the tax return is readily obtainable from other sources. Wireless has made no argument in this respect. Wireless's argument focuses more on disputing Mr. Gust's need for the information and its relevance to his claims. Wireless argues that because Mr. Gust was only employed as a probationary employee for a few months that his discovery of financial information should be limited to the store where he worked or his "employing unit".[61] The court disagrees. Mr. Gust's pleadings request punitive damages and Wireless is a named defendant. Wireless has not suggested that the information requested can be gleaned from other sources. Wireless must fully respond to request for production number 16 without objection by **January**

---

[59] *Audiotext Commc'ns Network, Inc. et al. v. US Telecom, Inc.*, No. 94-2395-GTV-GLR, 1995 WL 625962, at *11(D. Kan. Oct. 5, 1995)

[60] *Hilt v. SFC Inc.*, 170 F.R.D. 182, 189 (D. Kan. 1997) (quoting *Audiotext* at *11)).

[61] Defs.' Mem. in Opp'n to Pl.'s Mot. to Compel Disc. at 14, ECF No. 47.

**15, 2016**.  Such documents shall be produced subject to the terms of the protective order previously entered by the court.[62]

### III.   Conclusion

Mr. Gust's motion to compel is granted.  As described above, Wireless shall fully respond to interrogatory numbers 4, 5, 9, and 11, and requests for production of documents numbers 6–8, 10–17, and 24, without objection, by **January 15, 2016**.  Because the court has granted in full plaintiff's motion to compel, it must consider whether to award plaintiff reasonable fees and expenses incurred as a result of filing his motion.[63]  It has been the undersigned's experience that litigating whether fees and expenses are warranted, and if so, the appropriate amount, often results in the parties expending as much time and resources as they did litigating the underlying discovery motion. For this reason, the court orders the parties to confer within eleven (11) calendar days from the date of this order to attempt to reach an agreement regarding the issue of reasonable fees and expenses. If they cannot come to an agreement, Wireless shall show cause in writing to the undersigned within fourteen (14) calendar days from the date of this order why it should not be taxed with Mr. Gust's reasonable fees and expenses. If the court determines that monetary sanctions are appropriate, it will order Mr. Gust to file a verified accounting, and it will provide Wireless time to respond.

Accordingly,

**IT IS THEREFORE ORDERED** that Plaintiff Bradley Gust's Motion to Compel (ECF No. 39) is granted.

---

[62] Protective Order, ECF No. 25.

[63] Fed. R. Civ. P. 37(a)(5)(A) (stating that the court must award the movant reasonable fees and expenses when a motion to compel is granted unless the movant failed to obtain the discovery without court action, the opposing party's nondisclosure was substantially justified, or if other circumstances make an award of expenses unjust).

**IT IS SO ORDERED.**

Dated this 24th day of December, 2015, at Topeka, Kansas.

s/ K. Gary Sebelius
K. Gary Sebelius
U.S. Magistrate Judge
