# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

BRADLEY GUST,                          )
                                       )
            Plaintiff,                 )
                                       )    CIVIL ACTION
v.                                     )
                                       )    No. 15-2646-KHV
WIRELESS VISION, L.L.C., et al.,       )
                                       )
            Defendants.                )
_____)

## MEMORANDUM AND ORDER

Bradley Gust brings suit against Wireless Vision, L.L.C. for retaliatory discharge in violation of public policy under Kansas law.[1] This matter is before the Court on defendant's Motion In Limine (Doc. #95) filed February 22, 2017 and Plaintiff's Motion In Limine (Doc. #97) filed February 22, 2017. For reasons stated below, the Court sustains both motions in part.

## Legal Standards

In ruling on the parties' motions in limine, the Court applies the following standard:

> The movant has the burden of demonstrating that the evidence is inadmissible on any relevant ground. The court may deny a motion in limine when it lacks the necessary specificity with respect to the evidence to be excluded. At trial, the court may alter its limine ruling based on developments at trial or on its sound judicial discretion. Denial of a motion in limine does not necessarily mean that all evidence contemplated by the motion will be admitted at trial. Denial only means that the court cannot decide admissibility outside the context of trial. A ruling in limine does not relieve a party from the responsibility of making objections, raising motions to

---

[1] Plaintiff also sued David Naas and Anthony Sawa and asserted claims for retaliatory discharge and violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq. See [Amended] Complaint (Doc. #15) filed May 19, 2015. On May 18, 2015, the Court dismissed the retaliatory discharge claims against the individual defendants. See Memorandum And Order (Doc. #13) at 12. On February 19, 2016, plaintiff agreed to dismiss the FLSA claims. Joint Stipulation Of Dismissal With Prejudice (Doc. #70). Thus, plaintiff's only remaining claim is against Wireless Vision for wrongful discharge. See Pretrial Order (Doc. #71) filed February 24, 2016 at 2.

strike or making formal offers of proof during the course of trial.

BHC Dev., LC v. Bally Gaming, Inc., No. 12-2393-JPO, 2014 WL 524665, at *7 (D. Kan. Feb. 10, 2014) (citations omitted).

## Analysis

**I.      Defendant's Motion In Limine (Doc. #95)**

As set forth below, defendant seeks to exclude 14 categories of evidence.

1.      Liability Or Other Insurance

Defendant seeks to exclude evidence regarding liability or other insurance relating to plaintiff's claims. See Motion In Limine (Doc. #95) at 2. Defendant asserts that such evidence is irrelevant and would unduly prejudice and confuse the jury. See id. Plaintiff responds that unless defendant opens the door by "poor mouthing" or pleading poverty, he does not intend to introduce such evidence. Plaintiff's Response To Defendant's Motion In Limine ("Plaintiff's Response") (Doc. #107) filed March 1, 2017 at 1-2. In light of plaintiff's response, the Court overrules defendant's motion as moot, subject to revisiting the matter at trial, if necessary.

2.      Settlement Discussions Or Negotiations

Defendant seeks to exclude evidence regarding settlement discussions. See Motion In Limine (Doc. #95) at 2-3. Plaintiff does not oppose the motion. See Plaintiff's Response (Doc. #107) at 2. The Court sustains defendant's motion on this ground.

3.      Corporate Status And Financial Condition Of Defendant And T-Mobile

Defendant seeks to exclude any mention of the "corporate status" of it or T-Mobile or the

"financial wherewithal" of either entity.[2] Motion In Limine (Doc. #95) at 3. Defendant asserts that plaintiff may try to inject this information to "create bias or persuade the jury" that it can or should pay damages because T-Mobile and it "are corporations with sizeable and considerable profit margins." Id. Defendant asserts that evidence regarding the business structure or financial status of T-Mobile or it is irrelevant to plaintiff's claims and would unduly prejudice, confuse and mislead the jury. See id.

Plaintiff asserts that the terms "corporate status" and "business structure" are too broad for the Court to interpret in the context of defendant's motion. See Plaintiff's Response (Doc. #107) at 2. Plaintiff asserts that the following evidence is relevant to his retaliatory discharge claim: (1) defendant's status as his employer; (2) defendant's organizational structure including the job responsibilities and organizational roles of plaintiff, his supervisors and other employees and (3) defendant's role as an authorized dealer for T-Mobile. See id. On this record, defendant has not shown that the Court should exclude *all* evidence regarding the "corporate status" or "business structure" of T-Mobile or it. The Court overrules defendant's motion on this ground.

Regarding the financial condition of T-Mobile, plaintiff does not object to defendant's motion. Accordingly, the Court sustains the motion as to this evidence.

Regarding the financial condition of defendant, plaintiff asserts that such evidence is relevant to his claim for punitive damages. See Plaintiff's Response (Doc. #107) at 3. Under Kansas law, defendant's financial condition is relevant to determining an award of punitive damages. See Gillespie v. Seymour, 255 Kan. 774, 778, 877 P.2d 409, 412 (1994). On this record, defendant has

---

[2] Defendant is an independent contractor and exclusive retailer for T-Mobile cellular phones in multiple states. See Memorandum And Order (Doc. #92) filed February 15, 2017 at 3.

not shown that the Court should exclude all evidence regarding defendant's financial condition. The Court finds, however, that plaintiff may not introduce such evidence until after it has established a prima facie case for punitive damages. See, e.g., Sawyer v. Southwest Airlines Co., No. 01-2385-KHV, 2003 WL 1741417, at *1 (D. Kan. Mar. 31, 2003) (excluding evidence of financial condition until plaintiffs establish submissible case of punitive damages).

        4.        Unnecessary References To T-Mobile And/Or Cellular Telephone Industry

Defendant seeks to exclude "any unnecessary and gratuitous mention or reference to T-Mobile" and "[a]ny attempt by plaintiff to unnecessarily link [defendant] to T-Mobile." Motion In Limine (Doc. #95) at 3. Defendant asserts that such evidence is irrelevant and would unduly prejudice and confuse the jury. See id. Defendant asserts that plaintiff would likely offer such evidence to "create bias and resentment among jurors based upon dislike, distrust, or general dissatisfaction of consumers about prices and business practices in the wireless telecommunications industry or to coax jurors into thinking that [defendant] is synonymous with T-Mobile and could bear the financial consequence of paying for an award of damages." Id. at 3-4. Defendant admits that due to its status as an authorized independent retailer of T-Mobile products and services, some references to T-Mobile will be relevant. See id. at 4. Defendant asks the Court to "place specific instructions and limitations about the appropriate presentation and admission of this evidence, that the presentation or admission of such evidence be minimal, and that the [C]ourt prohibit counsel, plaintiff, or any witness from unnecessarily and gratuitously eliciting, presenting, offering, or admitting any evidence, statement, testimony, or inquiry about T-Mobile or [defendant's] association with T-Mobile." Id. at 4.

Plaintiff asserts that it does not intend to argue or imply that T-Mobile and defendant are the

same entity. See Plaintiff's Response (Doc. #107) at 4. Plaintiff asserts that the following evidence is relevant to his claims: (1) defendant's role as a T-Mobile retailer; (2) defendant's organizational structure and interaction with T-Mobile and T-Mobile employees; (3) T-Mobile's role in forwarding customer complaints to defendant and (4) any instruction by T-Mobile for defendant to investigate those complaints. See id.

On this record, defendant has not shown that the Court should exclude all references to T-Mobile. Defendant asks the Court to "place specific instructions and limitations" regarding the evidence, but it provides no suggestions in this regard. Motion In Limine (Doc. #95) at 4. The Court overrules defendant's motion subject to revisiting the matter at trial, if necessary.

### 5. Objections To Discovery Requests

Defendant seeks to exclude evidence regarding the fact that it objected to plaintiff's discovery requests. Motion In Limine (Doc. #95) at 4. Plaintiff does not oppose the motion. See Plaintiff's Response (Doc. #107) at 4. The Court sustains defendant's motion on this ground.

### 6. Alleged Overtime Or Other Wage Violations

Defendant seeks to exclude evidence that it allegedly failed to pay plaintiff or other employees overtime or other wages in violation of state or federal law or that it committed workplace violations unrelated to plaintiff's retaliatory discharge claim. Motion In Limine (Doc. #95) at 4-5. Plaintiff does not oppose the motion. See Plaintiff's Response (Doc. #107) at 4. The Court sustains defendant's motion on this ground.

### 7. Treatment Related To Claim(s) For Non-Economic Damages

Defendant seeks to exclude any mention of treatment, consultation or therapy for any damages which plaintiff claims in this case. Motion In Limine (Doc. #95) at 5-6. Plaintiff does not

oppose the motion. See Plaintiff's Response (Doc. #107) at 5. The Court sustains defendant's motion on this ground.

8. Expert Testimony

Defendant seeks to exclude any reference or evidence regarding retained or non-retained experts, including but not limited to the testimony of William A. Moffit. Motion In Limine (Doc. #95) at 6-7. Plaintiff does not oppose the motion. See Plaintiff's Response (Doc. #107) at 5. The Court sustains defendant's motion on this ground.

9. Alleged Wrongdoing By Defendant And/Or Its Employees

Defendant seeks to exclude "[a]ny mention of other instances of alleged wrongdoing or misconduct or occurrences or circumstances that could give rise to an inference of wrongdoing or misconduct." Motion In Limine (Doc. #95) at 7. Specifically, defendant asserts that in his interrogatory responses and deposition testimony, plaintiff referred to (1) accounting discrepancies wherein amounts of money in the store safe and cash registers were incorrect and he was instructed to tabulate or count cash receipts in a way to create the appearance that the store possessed cash that matched written documents or records and (2) David Naas accusing a customer of theft. See id. Defendant asserts that evidence regarding these or "similar" topics is irrelevant and would unduly prejudice, confuse and mislead the jury. See id.

With respect to the specific topics mentioned by defendant, plaintiff does not oppose the motion. See Plaintiff's Response (Doc. #107) at 5. The Court sustains the motion as to these topics. As to defendant's motion to exclude evidence regarding "similar" topics, absent more information regarding the topics that defendant seeks to exclude, the Court overrules defendant's motion subject to revisiting the matter at trial, if necessary.

10.  Duty To Investigate

Defendant seeks to exclude evidence or statements with regard to employee workplace complaints, that it had an alleged duty – legal, contractual, ethical or otherwise – to perform a fair, impartial and thorough investigation, to comply with best practices and principles of the Equal Employment Opportunity Commission or to follow certain industry practices or procedures. Motion In Limine (Doc. #95) at 8.  Defendant asserts that Kansas law permits employment-at-will and imposes no requirements regarding internal investigation practices and procedures.  Defendant asserts that any evidence or statements that it had a legal duty to investigate employee workplace complaints is irrelevant and would unduly prejudice, confuse and mislead the jury. See id.

To the extent that defendant seeks to exclude evidence that it had a legal duty to investigate plaintiff's complaints, plaintiff does not oppose the motion. See Plaintiff's Response (Doc. #107) at 7.  Plaintiff asserts that it intends to introduce evidence that in responding to plaintiff's complaints, defendant did not follow its own policies and procedures. See id. at 6.  Plaintiff asserts that evidence regarding what defendant did and did not do in response to his complaints is relevant to issues regarding pretext and willfulness. See id. at 6-7.

Regarding evidence that defendant had a legal duty to investigate plaintiff's complaints, the Court sustains defendant's motion.  Regarding evidence that defendant did not follow its own policies and procedures, the Court overrules defendant's motion.

11.  Alleged Discussion(s) Between Plaintiff And T-Mobile Employees

Defendant seeks to exclude any mention of alleged discussions between plaintiff and T-Mobile employees regarding plaintiff's subjective concerns that David Naas was instructing or encouraging plaintiff or other employees of defendant to engage in deceptive sales practices.

Motion In Limine (Doc. #95) at 9. Specifically, defendant points to plaintiff's contention that he exchanged text messages with Demetrius Scott, his former T-Mobile manager, about "concerns" that he had while working for defendant. See id. Defendant asserts that such evidence is irrelevant to plaintiff's claims and would unduly prejudice, confuse and mislead the jury. See id.

Plaintiff agrees that his text messages with Scott are not relevant to his underlying claim. See Plaintiff's Response (Doc. #107) at 8. Plaintiff asserts that to the extent defendant may attempt to show that plaintiff had animosity toward T-Mobile or made his complaints of fraudulent conduct out of spite or malice, the text messages would be relevant to rebut the assertion. See id. To the extent that defendant does not open the door to such evidence, plaintiff does not oppose the motion. See Plaintiff's Response (Doc. #107) at 8.

On this record, the Court sustains defendant's motion subject to revisiting the matter at trial, if necessary.

12.     Alleged Customer Complaints About Consumer Transactions

Defendant seeks to exclude any mention of "disgruntled customers" complaining about a sales transaction by David Naas. Motion In Limine (Doc. #95) at 9. Defendant asserts that in deposition testimony, plaintiff spoke of five or six instances in which a customer returned to the store to complain about charges on his or her bill which he or she did not request or approve. See id. Defendant asserts that plaintiff could not provide details regarding the alleged complaints such as names of the customers or dates of the complaints and that he had no notes or independent documentation reflecting the complaints. See id. Defendant asserts that plaintiff's vague references to customer complaints are hearsay, irrelevant and lack foundation. See id.

Plaintiff asserts that evidence regarding customer complaints is relevant to proving the first

element of his retaliatory discharge claim, i.e. that he reasonably believed that defendant was engaging in deceptive sales practices. Plaintiff's Response (Doc. #107) at 9; see also Palmer v. Brown, 242 Kan. 893, 900, 752 P.2d 685, 690 (1988). Plaintiff asserts that defendant's arguments regarding lack of detail go to the weight of the evidence, not its admissibility. Plaintiff's Response (Doc. #107) at 9. Plaintiff asserts that the evidence is not hearsay because he intends to offer it to show the basis for his reasonable belief that defendant was engaging in deceptive sales practices, not to prove the truth of the customer statements. Id.

On this record, defendant has not shown that the Court should exclude any mention of "disgruntled customers" complaining about a sales transaction by Naas. The Court overrules defendant's motion on this ground.

13. Witness Opinion Regarding Alleged Deceptive Sales Practices

Defendant seeks to exclude "any inquiry, argument, statements, testimony or other evidence seeking to have a witness testify that the alleged deceptive sales practices that plaintiff claims David Naas encouraged or instructed [defendant's] employees to engage in were, in fact, fraudulent, deceptive, in violation of the Kansas Consumer Protection Act ["KCPA"], or otherwise illegal." Motion In Limine (Doc. #95) at 10. Defendant asserts that such references or evidence constitute "inappropriate hypothetical" because they would require the witness to assume the truth of plaintiff's allegations and render a subjective opinion. Id. Defendant asserts that such evidence would require the witness to render an impermissible legal opinion. Id.

Plaintiff responds that he does not intend to ask witnesses whether a violation of the KCPA occurred. See Plaintiff's Response (Doc. #107) at 10.[3] In light of plaintiff's response, the Court

---

[3] Plaintiff asserts that he does intend to offer evidence that (1) a reasonable person
(continued...)

overrules as moot defendant's motion on this ground.

        14.     Evidence Regarding Front-Pay

Defendant seeks to exclude any references or evidence regarding any claim for front pay. Motion In Limine (Doc. #95) at 10-11. Plaintiff does not oppose the motion. See Plaintiff's Response (Doc. #107) at 11. The Court sustains defendant's motion on this ground.

**II.    Plaintiff's Motion In Limine (Doc. #97)**

As set forth below, plaintiff seeks to exclude 11 categories of evidence.

        1.     Plaintiff's Dismissed Claims

Plaintiff seeks to exclude any reference or evidence to the fact that he initially brought claims for unpaid overtime compensation (Counts I and II) and later agreed to dismiss the claims with prejudice. Plaintiff's Motion In Limine (Doc. #97) at 1-3. Defendant does not oppose the motion. See Response To Plaintiff's Motion In Limine (Doc. #104) at 1-2. The Court sustains plaintiff's motion on this ground.

        2.     Dismissed Parties

Plaintiff seeks to exclude any reference or evidence that he initially brought retaliatory discharge claims against individual defendants, Anthony Sawa and David Naas (part of Count III), but the Court instructed him to dismiss the claims. Plaintiff's Motion In Limine (Doc. #97) at 3-4.

---

[3](...continued)
could believe that defendant was engaged in deceptive sales practices by adding services and accessories to customer accounts without permission and/or without fully explaining the consequences; (2) if such conduct took place, it would have violated defendant's policies and practices; (3) defendant and its employees knew that if such conduct took place, it would have violated defendant's policies and practices and (3) defendant and its employees knew that if such conduct took place, it would have been wrong. Plaintiff's Response (Doc. #107) at 10. Plaintiff correctly asserts that such information is relevant to proving the elements of his prima facie case, pretext and punitive damages. See id.

Defendant does not oppose the motion. See Response To Plaintiff's Motion In Limine (Doc. #104) at 1-2. The Court sustains plaintiff's motion on this ground.

### 3. Settlement Discussions

Plaintiff seeks to exclude any reference or evidence regarding mediation or attempts to compromise plaintiff's claims. Plaintiff's Motion In Limine (Doc. #97) at 4. Defendant does not oppose the motion. See Response To Plaintiff's Motion In Limine (Doc. #104) at 1-2. The Court sustains plaintiff's motion on this ground.

### 4. Offer Of Judgment

Plaintiff seeks to exclude any reference or evidence regarding defendant's offer of judgment under Rule 68, Fed. R. Civ. P. Plaintiff's Motion In Limine (Doc. #97) at 4-5. Defendant does not oppose the motion. See Response To Plaintiff's Motion In Limine (Doc. #104) at 1-2. The Court sustains plaintiff's motion on this ground.

### 5. Application For Unemployment Compensation

Plaintiff seeks to exclude any reference or evidence regarding his application for unemployment compensation benefits, his correspondence with the Kansas Department of Labor ("KDOL") and the KDOL's notice to defendant regarding the application. Plaintiff's Motion In Limine (Doc. #97) at 5-6. Defendant does not oppose the motion. See Response To Plaintiff's Motion In Limine (Doc. #104) at 1-2. The Court sustains plaintiff's motion on this ground.

### 6. Unemployment Compensation

Plaintiff seeks to exclude any reference or evidence regarding his receipt of unemployment compensation from the KDOL. Plaintiff's Motion In Limine (Doc. #97) at 6-7. Plaintiff asserts that such evidence is irrelevant and would unduly prejudice, confuse and mislead the jury and waste

time. See id. at 6. In addition, plaintiff asserts that his receipt of unemployment compensation constitutes payment from a collateral source which should not reduce any award of back pay. See id. at 7 (citing Sanjuan v. IBP, Inc., 160 F.3d 1291, 1292 (10th Cir. 1998); Pape v. Kan. Power & Light Co., 647 P.2d 320, 324 (Kan. 1982); Cooper v. Asplundh Tree Expert Co., 836 F.2d 1544, 1555 (10th Cir. 1988)).

Defendant asserts that under Kansas law, plaintiff's receipt of unemployment compensation does not fall under the collateral source rule because it is not wholly independent and collateral to the wrongdoer, i.e. defendant. The Court agrees. Under the collateral source rule, benefits which plaintiff receives "from a source wholly independent of and collateral to the wrongdoer will not diminish the damages otherwise recoverable from the wrongdoer." Masterson v. Boliden-Allis, Inc., 19 Kan. App.2d 23, 27, 865 P.2d 1031, 1035 (1993).

In Masterson, plaintiff sued his former employer for breach of implied employment contract. Id., 19 Kan. App.2d at 24, 865 P.2d at 1033. The jury found in favor of plaintiff. Id. Before trial, the parties had stipulated to the amount of damages which plaintiff sustained and to amounts which he received under unemployment compensation, pension and Social Security benefits. See id. After trial, the trial court reduced plaintiff's damages by the total amount that he received for unemployment, pension and social security benefits. See id. Plaintiff appealed. See id., 19 Kan. App.2d at 26, 865 P.2d at 1035. On appeal, the Kansas Court of Appeals reversed as to the pension and Social Security benefits, but affirmed as to the unemployment compensation. As to the pension and Social Security, the Kansas Court of Appeals found that benefits came from a collateral source that was independent of and collateral to defendant, i.e. the employer. See id., 19 Kan. App.2d at 27, 865 P.2d at 1035. Specifically, the Kansas Court of Appeals noted that both plaintiff and

defendant had funded contributions to those benefits. See id. As to unemployment compensation, the Kansas Court of Appeals found that unlike the pension and Social Security benefits, only defendant – and not plaintiff – had contributed to the unemployment fund. See id., 19 Kan. App.2d at 26, 865 P.2d at 1035. The Kansas Court of Appeals found that as to unemployment compensation, the trial court correctly reduced plaintiff's damage award by the amount that he received. See id. In other words, the Kansas Court of Appeals concluded that because defendant had funded the unemployment compensation fund, the unemployment compensation benefit did not come from a collateral source, i.e. it was not from a source wholly independent of and collateral to defendant.

Based on Masterson, evidence regarding the amount of unemployment compensation which plaintiff received is relevant to reduce the amount of any back pay award.[4] On this record, plaintiff has not shown that the Court should exclude such evidence. Plaintiff's motion is overruled on this ground.

---

[4] The cases which plaintiff cites are distinguishable. In Sanjuan, the court found that medical benefits which plaintiff's spouse received through her separate employment with defendant were analogous to receipt of payment by a collateral source. 160 F.3d at 1299. Here, the unemployment compensation resulted from plaintiff's own employment with defendant.

In Pape, the court recognized that Kansas has long recognized the collateral source rule. 231 Kan. at 446, 647 P.2d at 324. In the context of a wrongful death claim, the court addressed whether evidence of a widow's remarriage is admissible regarding mitigation of damages. See id. The facts here are completely different.

In Cooper, plaintiff asserted claims under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621-634. 836 F.2d at 1546. The Tenth Circuit found that under Colorado law, the court should not offset plaintiff's back pay award by amounts which he received for unemployment compensation. Id. at 1555. In particular, the court noted that under Colorado law, an employee who receives an award of back pay must repay the state for all unemployment benefit payments that he received for the period covered by the back pay award. Id. Here, plaintiff does not assert that he must repay any unemployment compensation benefits that he received.

### 7. Suggestion That Lawsuit Is "Lawyer Driven"

Plaintiff seeks to exclude any reference or evidence which attempts to impugn the integrity of plaintiff's counsel or suggest that the case is "lawyer driven." Defendant does not oppose the motion. See Response To Plaintiff's Motion In Limine (Doc. #104) at 1-2. The Court sustains plaintiff's motion on this ground.

### 8. Suggestion That Lawsuit Is "All About Money" Or Akin To Gambling

Plaintiff seeks to exclude any reference or evidence that this lawsuit is "all about money" or akin to gambling. Plaintiff's Motion In Limine (Doc. #97) at 8. Defendant does not oppose the motion. See Response To Plaintiff's Motion In Limine (Doc. #104) at 1-2. The Court sustains plaintiff's motion on this ground.

### 9. Suggestions Of Tort Reform Or How Case Affects Kansas Businesses/Employers

Plaintiff seeks to exclude any reference or evidence regarding tort reform or the effect of this trial on Kansas businesses or employers. Plaintiff's Motion In Limine (Doc. #97) at 8-9. Defendant does not oppose the motion. See Response To Plaintiff's Motion In Limine (Doc. #104) at 1-2. The Court sustains plaintiff's motion on this ground.

### 10. When Plaintiff Sought Or Retained Counsel

Plaintiff seeks to exclude any reference or evidence regarding when he sought or retained counsel. Plaintiff's Motion In Limine (Doc. #97) at 1-3. Defendant does not oppose the motion. See Response To Plaintiff's Motion In Limine (Doc. #104) at 1-2. The Court sustains plaintiff's motion on this ground.

### 11. Duty Of Loyalty

Plaintiff seeks to exclude any reference or evidence regarding a suggestion that he owed a

"duty" or a "duty of loyalty" to defendant. Plaintiff's Motion In Limine (Doc. #97) at 9-10. Plaintiff asserts that defendant has attempted to claim "breach of the duty of loyalty" as an affirmative defense, but it does not constitute a valid defense to plaintiff's retaliatory discharge claim. See id. at 9. Plaintiff asserts that any reference or evidence that he owed a "duty of loyalty" to defendant is irrelevant and would unduly prejudice, confuse and mislead the jury and waste time. See id. at 10.

Defendant asserts that under Kansas law, employees owe a duty of loyalty to their employers. See Response To Plaintiff's Motion In Limine (Doc. #104) at 2-3 (citing FryeTech, Inc. v. Harris, 46 F. Supp.2d 1144, 1152 (D. Kan. 1999)). Defendant asserts that it discharged plaintiff for sending potential customers to its competitors in violation of that duty and that such evidence is relevant to its legitimate reason for discharging plaintiff. See id. at 3.

On this record, plaintiff has not shown that evidence regarding a suggestion that he owed a "duty of loyalty" to defendant is irrelevant or unduly prejudicial. The Court overrules plaintiff's motion on this ground subject to revisiting the matter in the context of trial, if necessary.

**IT IS THEREFORE ORDERED** that defendant's Motion In Limine (Doc. #95) filed February 22, 2017 is **SUSTAINED in part**. The Court sustains the motion as to references and evidence regarding the following: (1) settlement discussions; (2) the financial condition of T-Mobile; (3) defendant's objections to plaintiff's discovery requests; (4) allegations that defendant failed to pay plaintiff or other employees overtime or other wages in violation of state or federal law or committed workplace violations unrelated to plaintiff's retaliatory discharge claim; (5) treatment, consultation or therapy for any damages which plaintiff claims in this case; (6) retained or non-retained experts, including but not limited to the testimony of William A. Moffit; (7) instances

involving accounting discrepancies wherein amounts of money in the store safe and cash registers were incorrect and plaintiff was instructed to tabulate or count cash receipts in a way to create the appearance that the store possessed cash that matched written documents or records; (8) David Naas accusing a customer of theft; (9) that defendant had a legal duty to investigate plaintiff's complaints; (10) discussions between plaintiff and T-Mobile employees regarding plaintiff's subjective concerns that David Naas was instructing or encouraging plaintiff or other employees of defendant to engage in deceptive sales practices and (11) any claim for front pay. In addition, plaintiff may not introduce evidence regarding defendant's financial condition until after he has established a prima facie case for punitive damages.

**IT IS FURTHER ORDERED** that Plaintiff's Motion In Limine (Doc. #97) filed February 22, 2017 is **SUSTAINED in part**. The Court sustains the motion as to references and evidence regarding the following: (1) that plaintiff initially brought claims for unpaid overtime compensation (Counts I and II) and stipulated to dismiss the claims with prejudice; (2) that plaintiff initially brought retaliatory discharge claims against Anthony Sawa and David Naas (part of Count III), but the Court instructed him to dismiss them; (3) mediation or attempts to compromise plaintiff's claims; (4) defendant's offer of judgment under Rule 68, Fed. R. Civ. P.; (5) plaintiff's application for unemployment benefits, his correspondence with the KDOL and the KDOL's notice to defendant regarding the application; (6) attempts to impugn the integrity of plaintiff's counsel or suggest that the case is "lawyer driven;" (7) that this lawsuit is "all about money" or akin gambling;

(8) tort reform or the effect of this case on Kansas businesses or employers and (9) when plaintiff sought or retained counsel.

Dated this 25th day of September, 2017 at Kansas City, Kansas.

s/ Kathryn H. Vratil
Kathryn H. Vratil
United States District Judge
